## TOLLINGER v
## ELECTRIC REFRIGERATOR CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1065.  Decided Jan 29, 1932

Burkhart, Heald & Pickrel, Dayton, and W. R. Clark, for plaintiff in error.

Davisson, Davisson & Sheridan, Dayton, for defendant in error.

ALLREAD, PJ.

The usual rule is where a case is tried upon conflicting evidence a motion for a new trial is necessary to enable the reviewing court to consider the weight of the evidence. We do not decide whether this is necessary in the present case. It may be noted, however, that no motion for a new trial was filed.

We have considered the evidence.

Tollinger, the plaintiff, was called as a witness and testified to a verbal agreement between himself and Hoskinson, the agent and representative of the Refrigerator Company. On cross examination Tollinger admitted that he signed the cognovit note upon which a judgment was taken. That the cognovit note showed among other things the amounts which Tollinger agreed to pay and the balance still due. Tollinger also admitted that he signed the order upon which the Refrigerator was delivered and that this order showed a cash payment of ten dollars and another partial payment of twenty-five dollars was to be made on or before June 21st. The order also showed that the refrigerator was to be installed in Tollinger's home.

A delivery receipt was also signed by Tollinger on which the date of the sale was entered and a recital that the amount paid was $10.00 and an additional payment of $25.00 was to be made on or before June 21st.

Tollinger also on page 10 of the record shows that he signed a chattel mortgage, on the back of which is a purchaser's statement of property. This chattel mortgage is now shown in the record and is not attached to the bill of exceptions, but there is no question as to its having been executed.

The claim made by Tollinger on trial is that certain representations were made as to the machine and that Tollinger reserved the right of his wife to reject the refrigerator.

There were certain witnesses called on behalf of the Refrigerator Company and they denied the verbal statements to which Tollinger testified. The trial court having overruled the motion of Tollinger, this court is of the opinion that the judgment of the trial court will be sustained if it is not contrary to the manifest weight of the evidence. It is claimed in the briefs of counsel for the plaintiff in error that there is no evidence tending to dispute the testimony of Tollinger as to the misrepresentation and fraud in the sale. We are clearly of opinion that the judgment of the trial court might reasonably be sustained upon the admitted facts that Tollinger by an absolute contract agreed to take the refrigerator. Upon the alleged misrepresentation as to the machine we think there are many circumstances tending to disprove these representations. The trial court was bound in the first instance to consider the testimony and make his findings as to the facts. Especially so upon the question whether the judgment should be opened up and vacated. We reach the conclusion that the trial court heard the evidence as to the defense in order to determine the question as to whether the judgment should be opened up. It was upon this question that the evidence as to the defense became competent. **McCullough v Luteman, 15 Oh Ap, 207; Rasnick v Paryzek, 23 Oh Ap 327; (5 Abs 388); Canton Implement Co. v Rauh, 37 Oh Ap, 544; (9 Abs 666); Bank v Smith, 102 Oh St,**

120. We have carefully considered the evidence and have reached the conclusion that the judgment of the trial court as to whether the judgment shall be opened up and vacated is not so manifestly contrary to the weight of the evidence as to justify this court in overruling and setting aside the findings of the Court of Common Pleas. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.